IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LONATO HENDERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CREDIT WORLD SERVICES, INC., )<br>)<br>Defendant. ) | Case No. CIV-23-01043-JD |

**ORDER**

Before the Court is Plaintiff's Motion for Clerk's Entry of Default. [Doc. No. 6]. Plaintiff also filed a proof of service. [Doc. No. 5].

The Clerk of Court must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). But "[t]o grant a motion for default judgment, the district court must first determine whether the defendant[] in question [was] properly served." *Cochran v. City of Wichita*, 784 F. App'x 585, 587–88 (10th Cir. 2019) (unpublished).

Federal Rule of Civil Procedure 4(e)(1) permits service of a party in accordance with the law of "the state where the district court is located or where service is made," which is what Plaintiff alleges happened here with certified mail. *See* [Doc. No. 5 at 2]. Under the applicable Oklahoma statute, Okla. Stat. tit. 12, § 2004, plaintiffs can serve defendants "by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee." Okla. Stat. tit. 12,

§ 2004(C)(2)(b). However, it further states that "[s]ervice by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant." *Id.* § 2004(C)(2)(c). Here, Plaintiff's proof of service shows neither. Consequently, the Court finds that Plaintiff has not met Plaintiff's burden of showing proper service for purposes of default by following state law. *See* Fed. R. Civ. P. 4(e)(1).

The Court therefore denies the Motion for Clerk's Entry of Default [Doc. No. 6]. The Court refers Plaintiff to the Court's show cause order [Doc. No. 3], orders Plaintiff to comply with that order, and extends the deadline to respond to that Order until March 15, 2024. Otherwise, the requirements of [Doc. No. 3] remain in place and this action is subject to dismissal without prejudice for failure to comply. If Plaintiff intends to seek more time to effect proper service, in addition to responding to the show cause order, Plaintiff shall file a proper motion on or before March 15, 2024.

IT IS SO ORDERED this 1st day of March 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE